IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARLENE LYNNE CHAMBERS,

    Petitioner,                                   No. CIV S-08-2290 CHS P

    vs.

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

    Respondents.               ORDER DENYING PETITION

/

I. INTRODUCTION

Petitioner Chambers is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner stands convicted of evading a pursuing peace officer in the Butte County Superior Court, case number CM022702, for which she is currently serving an aggregate term of nine years in prison (the upper term of three years, doubled to six years pursuant to the "three strikes law" (*see* Cal. Penal Code §667), plus three years for three separate, prior prison term enhancements (*see* Cal. Penal Code §667.5)).

Petitioner raises a single ground for relief challenging imposition of the three year upper term at sentencing. Specifically, petitioner contends that the upper term sentence violated her "constitutional rights to due process and trial by jury as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and the California Constitution."

1

The parties have consented to jurisdiction by a United States Magistrate Judge. Based on a thorough review of the record and applicable law, and for the reasons that follow, the petition will be denied.

## II.  INTRODUCTION[1]

Just after noon on March 11, 2005, a deputy sheriff saw petitioner in a car parked in the driveway of a home in Paradise, California.  The deputy knew petitioner "was 'a wanted absconding parolee.'"  Petitioner tucked her head down after the deputy approached and called out her name.  When the deputy told her to get out of the vehicle, petitioner said: "'That's not going to happen.'"  She put the vehicle in gear and drove onto the public roadway.  With a patrol car in pursuit, petitioner fled at speeds reaching 80 to 90 miles per hour.  She caused a minor traffic collision by failing to yield to traffic, and she passed numerous vehicles at blind curves or by crossing double yellow lines.  Petitioner turned onto southbound Highway 99, but got off at an exit.  After driving through a red light, she drove back onto southbound Highway 99 and exceeded 118 miles per hour as she passed many vehicles, forcing many to move to the shoulder of the roadway.  Petitioner did not stop even after driving over a spike strip north of Gridley.  Instead, she drove through the town at a high rate of speed, "failing to yield at all stop lights and failing to obey the designated traffic laws in the city."  With her left tires going flat, petitioner reduced her speed to between 70 and 80 miles per hour as she continued south on Highway 99.  Petitioner drove over another spike strip, but continued to drive as her left side tires disintegrated to the rims.  She finally stopped when she lost control of her vehicle four miles north of Yuba City.

## III.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28

---

[1] This summary of facts is taken from the unpublished opinion of the California Court of Appeal on direct review of petitioner's conviction and sentence. *People v. Chambers*, No. C052245, slip op. at 2-3 (Cal. Ct. of App. 3rd Dist. January 10, 2007).

1  U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*,
2  768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)).
3  Additionally, this petition for writ of habeas corpus was filed after the effective date of, and thus
4  is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v.*
5  *Murphy*, 521 U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999).
6  Under AEDPA, federal habeas corpus relief is not available for any claim decided on the merits in
7  state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

12  28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*,
13  529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

## IV.  EXHAUSTION

In addition, before a claim such as this one may be properly brought on federal habeas corpus, it must first be fairly presented to the highest court of the applicable state.  28 U.S.C. § 2254(b)(1).  In California, that is the California Supreme Court.  *Castille v. Peoples*, 489 U.S. 346 (1989).  It is petitioner's burden to show that she has exhausted her state court remedies. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3rd Cir. 1997), *as amended* 1998, *cert. denied*, 532 U.S. 919 (2001); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997); *Olson v. McKune*, 9 F.3d 95, 95 (10th Cir. 1993).

Respondent asserts by answer filed on February 9, 2009 that petitioner's claim is unexhausted because it was still pending before the California Supreme Court.  Petitioner makes no response in her traverse.  Notwithstanding petitioner's apparent failure to fully exhaust administrative remedies, the merits of her claim will be reached because it is clear that the claim is not colorable.  *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be

3

denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (a federal court considering a habeas petition may deny an unexhausted claim on the merits when it is perfectly clear that the claim is not "colorable").

## V.  PETITIONER'S CLAIM

Petitioner claims the trial court made an error of constitutional magnitude when it imposed the upper term of three years for evading a peace officer.  Petitioner argues that, in selecting the upper term, the court relied upon facts neither admitted by petitioner nor submitted to the jury and proved beyond a reasonable doubt.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial by jury; this right is applicable to state criminal proceedings through the Fourteenth Amendment.  *Duncan v. Louisiana*, 391 U.S. 145, 149-150 (1968).  In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court clarified a defendant's rights under the Sixth Amendment by extending the right to trial by jury to any fact finding used to make enhanced sentencing determinations above the statutory maximum for an offense: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 488-90.  Subsequently, in *Blakely v. Washington*, the Court held that "the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. *Blakely*, 542 U.S. 296, 303 (2005).

Petitioner was sentenced on February 22, 2006.  Under California's determinate sentencing law in effect at that time, the trial court was statutorily directed to impose the middle term of three possible terms (upper, middle and lower), unless there were circumstances in aggravation or mitigation of the crime.  Cal. Penal Code §1170(b) (2004); *see also* Cal. R. Ct. 4.420, 4.421, 4.423 (1977).  Circumstances in aggravation and mitigation had to be established by

a preponderance of the evidence, and selection of the upper term was justified only if, after consideration of all relevant facts, the circumstances in aggravation outweigh the circumstances in mitigation." Cal. R. Ct. 4.420(b). The Rules specified a non-exhaustive list of aggravating and mitigating factors, including factors relating to the crime and to the defendant. Cal. R. Ct. 4.421, 4.423.

Subsequent to petitioner's conviction and sentence becoming final, in *Cunningham v. California*, the United States Supreme Court, citing *Apprendi*, *Blakely*, and *United States v. Booker* (543 U.S. 220 (2005)), held that California's determinate sentencing law violated a criminal defendant's right to jury trial to the extent it permitted a trial court to impose an upper term based on facts found by the court rather than the jury. *Cunningham*, 549 U.S. 270 (2007). The Ninth Circuit has held that *Cunningham* did not announce a new rule of constitutional law, and therefore must be applied retroactively on collateral review. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008).

In any event, the application of *Cunningham* does nothing for petitioner's claim. Under California law, only one aggravating factor is necessary to set the upper term as the maximum term. *See* Cal. R. Ct. 4.420; *People v. Cruz*, 38 Cal.App.4th 427, 433 (2nd Dist. 1995); *People v. Forster*, 29 Cal.App.4th 1746, 1758 (4th Dist. 1994). At petitioner's sentencing, the trial court identified four aggravating circumstances and, based thereon, selected the upper term of three years for evading a peace officer. One of the aggravating circumstances found by the court was "the fact of a prior conviction" within the meaning of *Apprendi*, *Blakely*, and *Cunningham*.

*Apprendi*, *Blakely*, and *Cunningham* clearly establish that, unlike other aggravating factors, the fact of a prior conviction need not be submitted to a jury and proved beyond a reasonable doubt in order for it to be used by a sentencing judge to increase the penalty for a crime. *Apprendi*, 530 U.S. at 490; *Blakely*, 542 U.S. at 301; *Cunninham*, 549 U.S. at 288-89. The fact of petitioner's prior conviction, by itself, authorized imposition of the upper term. Any additional fact finding done by the sentencing court was relevant only to the selection of a

sentence within the authorized statutory range. *See Butler*, 528 F.3d 624 (9th Cir. 2008) ("The Sixth Amendment does not prevent judges from 'exercis[ing] discretion-taking into consideration various factors relating both to offense and offender- in imposing a judgment *within the range* prescribed by statute.'") (emphasis in original) (quoting *Apprendi*, 530 U.S. at 481)). Petitioner's upper term sentence was within the allowable statutory maximum, and she fails to set forth a colorable claim of a violation of federal law.

To the extent petitioner contends that the trial court's selection of the upper term violated state law, and specifically the California Constitution, her claim likewise fails. Federal habeas corpus relief will not lie to correct an alleged error in the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

## VI.  CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is hereby DENIED. In addition, because petitioner failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue in this case. *See* 28 U.S.C. § 2253.

IT IS SO ORDERED.

DATED: December 14, 2010

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE